David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
5343 N. 16th Street, Ste. 460
Phoenix, Arizona 85016
Telephone:   (602) 265-3332
Facsimile:    (602) 230-4482

Attorneys for the Plaintiff
Sandra Dailey

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Dailey<br><br>                    Plaintiff,<br>v.<br><br>Receivable Resources LLC<br><br>                    Defendant. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Sandra Dailey, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Receivable Resources LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

8. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

10. Plaintiff is a natural person who resides in the City of Peoria, County of Maricopa, State of Arizona.

11. Defendant is located in the City of Bensalem, the County of Bucks, and the State of Pennsylvania.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

14. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

15. At all times relevant, Defendant conducted business within the State of Arizona.

16. Sometime before May 24, 2010, Plaintiff is alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before May 24, 2010, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

19. Subsequently, but before May 24, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about May 24, 2010, Defendant called Plaintiff's daughter, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), and discussed Plaintiff's alleged debt.

21. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the

collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

22. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and failed to identify himself, or state that was is confirming or correcting location information concerning the consumer, or identified his employer without express request. Consequently, Defendant violated 15 U.S.C. § 1692b(1).

23. Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and stated that the consumer owed a debt. Consequently, Defendant violated 15 U.S.C. § 1692b(2).

24. After Plaintiff was informed of this call from her Daughter, Plaintiff returned Defendant's call.

25. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

26. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or

judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

27. During this phone call, Plaintiff spoke to Defendant's agent, Ernie Austin. Mr. Austin was rude and condescending towards Plaintiff during the entire call. Mr. Austin threatened to add on "extra charges" to Plaintiff's debt if she did not agree to a payment plan right then.

28. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

29. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

30. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

31. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

32. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

33. On or about the end of May 2010, beginning of June 2010, Defendants began repeatedly calling Plaintiff at her place of employment. Plaintiff works in a store and does not have easy access to a phone for personal phone calls.

34. During Defendants calls, Defendant was informed by Plaintiff's coworkers that Plaintiff could not receive personal calls at work.

35. Defendant was advised that Plaintiff's employer prohibited Plaintiff from receiving such communications at Plaintiff's place of employment in a manner consistent with 15 U.S.C. §1692c(a)(3), and also advised Defendant that calls at Plaintiff's place of employment was inconvenient, as prescribed in 15 U.S.C. §1692c(a)(1).

36. Despite these warnings, Defendant continued to call Plaintiff's place of employment.

37. Because Defendant knew or had reason to know that the Plaintiff's employer prohibits Plaintiff from receiving such communications and that such calls were inconvenient, these actions by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

38. Also during these calls to Plaintiff's place of employment, Defendant would try to obtain Plaintiff's work schedule from Plaintiff's coworkers.

39. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b.  By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

40. On one occasion on or about June 2010, a female agent of Defendant's called Plaintiff's place of employment. During this conversation, Defendant's agent was informed that Plaintiff was unavailable. Despite this, Defendant's agent refused to hang up, and repeatedly insisted on speaking to Plaintiff. Defendant's manner was rude and aggressive towards Plaintiff's coworker.

41. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

42. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f.

43. On or about late June 2010 or early July 2010, Defendant again called Plaintiff's daughter in an attempt to collect the alleged debt.

44. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b.  By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

45. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and failed to identify himself, or state that was is confirming or correcting location information concerning the consumer, or identified his employer without express request.  Consequently, Defendant violated 15 U.S.C. § 1692b(1).

46. Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and stated that the consumer owed a debt.  Consequently, Defendant violated 15 U.S.C. § 1692b(2).

47. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and communicated with said person more than once without the request to do so

by such person and without reasonably believing that the earlier response by said person was erroneous or incomplete and without reasonably believing that such person now had correct or complete location information. Consequently, Defendant violated 15 U.S.C. § 1692b(3).

48. After Plaintiff was informed of this call from her Daughter, Plaintiff returned Defendant's call to again request that her work or third parties not be contacted by Defendants.

49. During this conversation, Plaintiff spoke to Defendant's agent, Steven McBride. Defendant's agent stated that he was "disgusted" that Plaintiff did not follow through on a payment plan for this alleged debt.

50. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

51. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f.

52. Through this conduct, Defendant used language the natural consequence of which is to abuse the consumer.  Consequently, Defendant violated 15 U.S.C. § 1692d(2).

53. In an attempt to end the abuse, Plaintiff agreed to a payment plan, with payments that exceeded what she could possibly afford.

54. Later, after learning that Defendants conduct was abusive and illegal, Plaintiff cancelled all payments to Defendant.

55. Due to Defendant's actions, Plaintiff has suffered actual damages in the form of mental anguish including sleeplessness, restlessness, nervousness, embarrassment, humiliation, guilt, fear of answering the telephone, and fear of answering the door, all impacting her job, marriage and personal relationships as well as exacerbating her pre-existing medical conditions.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

58. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

59. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

60. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

61. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

//
//
//

**TRIAL BY JURY**

62. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: September 22, 2010

**Hyde & Swigart**

By: __/s/ David J. McGlothlin__
David J. McGlothlin
Attorney for the Plaintiff